[Civ. No. 11168.   First Appellate District, Division One.—January 27, 1941.]

CARL G. SORENSEN et al., Plaintiffs, v. A. LASCY, Appellant; B. P. ARATA, Respondent.

Thomas T. Califro and George D. Perry for Appellant.

Norman S. Menifee for Respondent.

PETERS, P. J.—Plaintiffs Carl G. Sorensen and Mary M. Sorensen, his wife, brought this action against B. P. Arata and A. Lascy to recover a $500 deposit paid by them to Lascy on the purchase price of certain real property owned by Arata in San Mateo County. Plaintiffs contended that Lascy, a real estate agent, and Arata had falsely represented that the land contained 120,000 square feet, when in fact it contained but 83,998 square feet. Defendant Arata filed a cross-complaint in which he sought recovery of the $500 from Lascy. The court found that plaintiffs were entitled to no relief, and that Arata was entitled to recover the $500 from Lascy. From this judgment Lascy alone appeals.

The main contention of appellant Lascy is that, in accepting the $500 deposit from the Sorensens, he was not acting as the agent for Arata, but was acting on his own account. He describes himself as an ''option vendor''. He refers to the rule that one may lawfully contract to sell property which he does not own, and contends that this was his relationship with the Sorensens. He also challenges the sufficiency of the findings to support the judgment.

These contentions are made in spite of the fact that at the trial appellant waived any claim he might have to the $500. He made this waiver after evidence had been introduced showing that he had received the $500 deposit from the Sorensens on January 9, 1937; that he refused for several months thereafter to inform Arata, the owner, of the amount of the deposit that he had received; that Arata finally wrote to the Sorensens and also filed charges against appellant before the Real Estate Board before he could ascertain the amount of the deposit. When these facts developed upon the trial, and while appellant was on the witness stand, the following occurred:

"THE COURT: You weren't selling any of your own property?

"A. No sir.

"Q. Did you tell Arata what you were getting for his property?

"A. Not at that time.

"Q. Is that the way you do business?

"A. What is that?

"Q. You sell a man's property, and you do not tell him what you are getting for it, is that the idea? What are you going to do with this $500?

"A. *I want to give it back to whoever the court decides I should give it to.*

"THE COURT: That is all.

"MR. CALIFRO [attorney for Lascy]: That is all.

"MR. COTTON [attorney for the Sorensens]: Submitted.

"(Discussion.)

"THE COURT: I have not made up my mind what I am going to do, submitted."

The statement above italicized, when read with the rest of appellant's testimony, was reasonably calculated to convey to the trial judge the impression that appellant intended to waive any claim he might have to the $500, and that he was consenting to give this deposit either to the Sorensens or to Arata as the court might decide. That this was the interpretation placed upon the statement by the trial court and by appellant's own counsel is indicated by the fact that immediately upon appellant making the waiver, appellant's counsel stated that he had no further questions, and the trial judge submitted the case.

■ It is an elementary and fundamental rule of appellate procedure that a judgment or order will not be disturbed on an appeal prosecuted by a party who consented to it. (*Adams v. Southern Pac. Co.*, 109 Cal. App. 728 [293 Pac. 681]; *Reed v. Murphy*, 196 Cal. 395 [238 Pac. 78]; *Hibernia Savings etc. Soc.* v. *Waymire*, 152 Cal. 286 [92 Pac. 645]; see, also, cases collected in 2 Cal. Jur., p. 225, sec. 62; p. 849, sec. 498.) Under the authority of these cases the judgment must be affirmed, without further consideration of the appeal. (*Soc. Francaise D'Epargnes* v. *Beardslee*, 63 Cal. 160; *Pacific Paving Co.* v. *Vizelich*, 1 Cal. App. 281 [82 Pac. 82].)

■ The reason behind this rule is well illustrated by the situation presented on the present appeal. When this cause went to trial appellant Lascy had in his possession the $500 deposit. The Sorensens were claiming the return of their deposit. Arata claimed the money as the owner of the land. Lascy also claimed the money. There was, therefore, a three-cornered contest over the deposit. The trial court was attempting to ascertain the theory upon which Lascy claimed the money when appellant stated that he waived his claim to it. Thereafter, the trial court prepared its findings, apparently in the belief that the only question left for determination was whether the Sorensens or Arata was entitled to the money. Judgment was then entered. Appellant then discovered certain defects in the findings, in so far as they relate to him, and prosecuted this appeal. It would be highly unfair to the trial court and to respondent to permit appellant to attack the judgment after they had been led to believe that he had abandoned his claim to the money.

It should also be added that we have read the reporter's transcript. A reading thereof demonstrates that an affirmance of the judgment will not result in a miscarriage of justice.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 28, 1941. Peters, J., *pro tem.*, took no part in the consideration or decision of this matter.