[Civ. No. 13662.   Second Dist., Div. One.   Dec. 8, 1942.]

MYRTLE C. WARNER, Respondent, v. ROADSHOW AT-
TRACTIONS CO. (a Corporation) et al., Defendants;
DWAIN ESPER et al., Appellants.

2

Desser & Rau, in pro. per. and Borah & Borah, A. Noah Borah and Wm. Christensen for Appellants.

Merriam, Rinehart & Merriam for Respondent.

DORAN, J.—Plaintiffs in the court below obtained judgment against defendants Dwain Esper, Arthur A. Desser and Jack L. Rau, the latter as copartners, enjoining said defendants from showing, exploiting or distributing a certain motion picture owned by plaintiff, from representing to anyone that defendants were the owners of a certain copyright on a photoplay of the same title as plaintiff's picture and from repre-

senting that defendants were the owners of or had any interest in plaintiff's photoplay, and also awarding plaintiff damages and costs in the matter. The complaint herein was, in general, one for injunctive relief and for damages as the result of certain alleged acts of defendants in interfering with the exhibition and distribution of plaintiff's motion picture entitled "Forbidden Adventure," and in making unauthorized distribution and exhibition of the same.

After hearing evidence upon the issues presented the trial court found the following facts to be true. At the times mentioned in plaintiff's complaint, and at the time of the trial herein, plaintiff was the owner of a certain feature motion picture, known and entitled as "Ankor," "Angkor," "The Jungles of Ankor," and "The Jungles of Angkor." On or about January 11, 1937, plaintiff entered into a written agreement with Roadshow Attractions Company, a corporation of which defendant Dwain Esper was the president and general manager and defendant E. Mapel was the vice-president. By the terms of this agreement Roadshow Attractions Company was to handle the theatrical distribution of plaintiff's said motion picture. This agreement was amended in certain respects not directly pertinent to the matters here discussed. After the execution of said distribution contract and pursuant to its terms the Roadshow Attractions Company changed the title of plaintiff's said motion picture to "Forbidden Adventure," and thereafter distributed and "roadshowed" the motion picture throughout more than one-half of the states of the United States, under the title of "Forbidden Adventure." By reason of such exhibition of plaintiff's motion picture under that title, the title of "Forbidden Adventure" has become identified with plaintiff's photoplay; and under and by virtue of the terms of said distribution contract, said title "Forbidden Adventure" has now become and is an integral part of said photoplay and the property of plaintiff, as provided in said contract. The said distribution contract was breached in material respects by Roadshow Attractions Company; and thereafter and on or about May 6, 1937, plaintiff herein instituted an action in the Superior Court of Los Angeles County for an accounting from the defendants in said cause as to the proceeds from the distribution of plaintiff's said picture which were received

prior to August 27, 1937. In said action plaintiff also sought a judicial termination of said distribution contract because of the breach thereof, and also sought to enjoin and prevent the further distribution of said motion picture. Thereafter and on or about August 27, 1937, Roadshow Attractions Company and Dwain Esper, by their counsel, stipulated in open court that said distribution contract be terminated; and on or about the same date, in said action, a preliminary injunction was granted restraining and enjoining defendants therein from further distribution and exhibition of plaintiff's said motion picture. At the time of the trial in the case at bar the said preliminary injunction was still in full force and effect. Dwain Esper and Roadshow Attractions Company came into possession of exhibition prints of plaintiff's motion picture in connection with and pursuant to the terms of the distribution contract above mentioned; but said defendants never had any right to possession and never had any possession of said motion picture prior to the inception of said distribution agreement. On or about May 7, 1937, Dwain Esper and Roadshow Attractions Company caused a motion picture other than plaintiff's, and entitled "Inyaah," to be copyrighted under the title "Forbidden Adventure"; but the photoplay "Inyaah" was never exhibited by any of the defendants under the title "Forbidden Adventure." After the termination of the distribution agreement heretofore mentioned plaintiff herein attempted to distribute her motion picture originally entitled "Ankor," etc., and subsequently distributed under the title "Forbidden Adventure" as above outlined. During the period plaintiff was thus attempting to distribute her said motion picture, the defendant Dwain Esper caused to be sent to theatres and theatre circuits telegrams in the following form:

"To......................
Manager....................Theatre

"Informed you have booked and about to play picture Forbidden Adventure in......(stating place)......Undersigned owns and has copyrighted 1934 Class L Number 7119 this picture and any one playing or using same will be held liable in full accordance of law

"Dwain Esper Roadshow Attractions"

These telegrams were in each instance sent out to theatres and theatre circuits with whom negotiations were pending or were about to be opened for the exhibiting and "roadshowing" of plaintiff's picture. Upon the evidence presented, the trial court found that said telegrams were sent out by the defendant Dwain Esper wrongfully and maliciously and with the intent of injuring the plaintiff herein and of preventing the plaintiff from obtaining contracts and engagements for the exhibition of plaintiff's said photoplay.

On or about June 24, 1938, the defendants Arthur A. Desser and Jack L. Rau, attorneys, and copartners under the firm name of Desser and Rau, caused a telegram to be sent to the Avenue Theatre of Detroit, Michigan, in words and figures as follows:

"June 24, 1938.

"Avenue Theatre, Detroit

"Mapel Attractions advise us you are playing picture entitled Forbidden Adventure. Our client Dwain Esper has copyrighted Number L-7119 picture entitled Forbidden Adventure copyrighted nineteen thirty four. Mapel Attractions only one authorized by our client to show picture. To save you harmless under copyright law suggest you hold all receipts this showing intact pending contemplated litigation.

Attorneys Desser and Rau."

At the time said telegram was sent out to the Avenue Theatre negotiations were pending with said theatre and other theatre circuits with which said theatre was affiliated, for the exhibiting and "roadshowing" of the plaintiff's motion picture. The trial court found, upon the evidence, that the defendants Desser and Rau wrongfully sent out the above telegram, and without right so to do; and that by reason of the sending of said telegram the plaintiff's distributors were substantially interfered with in their attempt to exhibit plaintiff's said motion picture in said Avenue Theatre and in their endeavor to exhibit said picture in the chain of theatres of which said Avenue Theatre was a member, and from obtaining bookings and engagements for plaintiff's said photoplay.

The court also found that all of the telegrams herein referred to were sent by or pursuant to the advice and with the knowledge of the defendants Desser and Rau, and that

since the sending of the telegram of June 24, 1938, the defendants Desser and Rau had asserted that it was their plan and purpose to continue to send out telegrams to the trade in the form above set forth, and that unless restrained by the court the defendants "will continue to wrongfully interfere with the distribution by plaintiff of her motion picture photoplay and will continue to wrongfully represent to the trade that the plaintiff herein has no right to distribute her said motion picture photoplay, and to wrongfully represent that the plaintiff herein has no title to her said photoplay, and will continue to do the acts complained of in plaintiff's . . . second amended complaint, and will inflict great and serious losses and damage upon the plaintiff.''

The trial court specifically found that in sending out telegrams as above mentioned and in performing the other acts in question the defendant Dwain Esper was actuated by malice and by an intent to purposely and wilfully inflict injury and damage upon the plaintiff herein; and that at all times mentioned in plaintiff's complaint the defendants Arthur A. Desser and Jack L. Rau were attorneys at law, duly licensed to practice as such, and that the said Arthur A. Desser and Jack L. Rau represented the defendant Dwain Esper in connection with all of the litigation referred to in plaintiff's complaint, but that said defendants assisted the defendant Esper in the performance of the wrongful acts herein found to have been done by him, with full knowledge on their part of the wrongful character of said acts, and in such a way as to allow themselves to become actors and participants therein. It should also be mentioned that the court found that defendants were not the owners of said picture on which said copyright had been obtained. Compensatory damages in the sum of $5,000 were awarded plaintiff against defendants Esper, Desser and Rau, and the additional sum of $2,500 was awarded as exemplary damages against defendant Esper.

None of the questions attempted to be raised by appellants are pertinent to this appeal. █ Respondent, however, has correctly stated the questions involved, namely: Does the record on this appeal support the trial court's findings and judgment? Does the record in this case support a finding of malice and support a money judgment for compensatory and exemplary damages? In this connection, it is sufficient to state here that an examination of the record reveals full

support for the findings of the trial court and a sufficient basis for the award of both the compensatory and exemplary damages. There can be no question that the findings, as above noted, support the judgment as rendered.

Appellants Desser and Rau seek to justify their actions in the matter through application of the proposition that attorneys at law in the exercise of their proper functions as such are not liable for their acts if such acts are made in good faith and pertinent to the matter in question. Whether the attorneys acted in good faith was a question for the trial court to determine; and it should be pointed out that the testimony of the attorneys involved is not conclusive upon the question. It should also be noted that the telegram to the Avenue Theatre did not alone form the basis for the court's findings against the attorneys in question. The findings in that respect were supported by the surrounding circumstances and the connection of the attorneys therewith, as shown by the evidence, coupled with the sending of the telegram in question. In justification of the acts of appellant Esper appellants state that a reading of the testimony should reveal that Mr. Esper was laboring under a sense of gross injustice, and that such sense of injustice was adequately supported by the evidence. A feeling upon the part of Esper that injustice had been done him by plaintiff can furnish no justification for defendants' acts as shown by the record; nor can such a feeling constitute a defense to plaintiff's cause of action herein. A sense of injustice, even if truly felt, would merely constitute defendant's own standard or yardstick, by which he measured his conduct, and could not serve as a measurement of civil liability for the acts committed.

At the outset of the trial herein defendant Esper moved for an order abating the cause at bar on the ground that the issues involved were the same as those in the previous action for an accounting, still pending, in which a preliminary injunction was granted, as above noted, restraining the defendants in that case from further distribution and exhibition of plaintiff's motion picture. Appellants contend that the denial of this motion was error. The motion was properly denied. It is plain that the facts which form the basis for the present action all arose subsequent to those on which the former pending action was based and, as pointed out by the trial court in ruling on the motion, the issues presented in

the case at bar are independent of those presented in the previous case, and constitute issues which the plaintiff was entitled to have determined in the present action. Moreover, the gravamen of the prior action was a failure to account for the proceeds received by defendants in that case for exhibitions of the picture made prior to the termination of the contract for distribution, a matter wholly distinct from that here involved.

Appellants contend that the court erred in refusing to reopen the case and in denying a motion for a new trial, in view of an affidavit of one of plaintiff's witnesses, filed in support of the motion for a new trial. Appellants claim that the affidavit in question repudiates all of the testimony given by the witness at the trial. The matter was one addressed solely to the discretion of the court and under the circumstances presented the trial court cannot be held to have abused its discretion.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 4, 1943.