[L. A. No. 24064.   In Bank.   May 28, 1957.]

JESSIE L. REID et al., Respondents, v. VALLEY RESTAURANTS, INC. (a Corporation) et al., Appellant.

Albert E. Isenberg and Don Lowry for Appellant.

Girard F. Baker and John W. Erpelding for Respondents.

McCOMB, J.—From a judgment denying defendant and cross-complainant attorney's fees, defendant and cross-complainant appeals.

## CHRONOLOGY

i. On or about July 14, 1953, plaintiffs leased to defendant a restaurant known as "The Goody-Goody Drive-In." The lease contained provisions (a) prohibiting assignment or subletting by lessee without the written consent of lessors first being obtained, and (b) that in case suit should be brought by either party against the other by reason of the breach of any of its provisions the successful party in such suit should be entitled to a reasonable attorney's fee and costs of said action in such amount as might be fixed by the court.

ii. On December 28, 1954, plaintiffs filed a complaint against defendant for unlawful detainer and to quiet title to the property covered by the lease, alleging that defendant had violated the terms of the lease in assigning it without first obtaining the written consent of plaintiffs and failing properly to account to plaintiffs for gross profits derived from the business.

iii. On January 3, 1955, defendant filed its answer and also a cross-complaint, by which it sought to recover attorney's fees in accordance with the provisions of the lease.

iv. During the course of the trial plaintiffs offered to reinstate the lease and to dismiss the action upon payment of back rents and an accounting being made for other rents, to which defendant's counsel replied: "We have no objection to the reinstating of the lease by virtue of the dismissal of the complaint. However, I see no reason why the defendant should be put to the burden of his *attorney's fees and costs in this matter and I believe we should proceed on the cross-complaint for fees.*" (Italics added.)

After further discussion plaintiffs' counsel stated to the court: "We have reached an understanding which I will endeavor to state to the Court. If counsel disagrees, he may interrupt me, otherwise there will be a. stipulation that the matter of whether or not any attorney's fees should be paid by one party to the other, shall be determined by the Court based upon the files before the Court and the depositions; and that then the action be dismissed, the lease reinstated and the back rents paid up. . . ."

Thereupon the trial court made the following minute order: "It is stipulated that plaintiffs will dismiss their complaint and the question of whether any relief shall be granted to cross-complainant on its cross-complaint for attorney's fees, and if so the amount of same, may be determined by the Court based upon the files and depositions on file in this proceeding. The cause is ordered to stand submitted."

v. On May 27, 1955, written findings of fact and conclusions of law were waived by both parties.

vi. On June 6, 1955, the trial judge filed a judgment ordering that defendant take nothing by its cross-complaint, and that neither party recover costs against the other.

Defendant contends on this appeal:

*First*: The judgment, insofar as it fails to provide that the complaint be dismissed, is in conflict with and violates the stipulation of the parties;

*Second*: The judgment is against the law, insofar as it fails to award to defendant reasonable attorney's fees.

These contentions are not sound. ■ The applicable rule is thus accurately stated by Mr. Justice Schauer in *Estate of Rule,* 25 Cal.2d 1, 10 [3] [152 P.2d 1003, 155 A.L.R. 1319]: "[I]n the absence of findings of fact and conclusions of law, every intendment is in favor of the judgment or order appealed from and it is presumed that every fact or inference essential to the support of the order and warranted by the evidence was found by the court. (Citations.)" ■ If the evidence before the trial court is not in the record on appeal, it will be conclusively presumed that the evidence sustained the implied findings of fact.

■ The findings of fact and conclusions of law having been waived by the parties in the present case, this court will presume, in accordance with the rule above stated that the trial court found in favor of plaintiffs on all essential issues warranted by the evidence which are necessary to support the judgment and against defendant on such issues. This presumption, however, is not conclusive, and any statement to the contrary in *Lahn* v. *Structural Pest Control Board,* 135 Cal.App.2d 289 [287 P.2d 17], and any inferences to the contrary in any other case or cases are disapproved.

■ Viewing the record in accordance with the foregoing rule, we find:

(a) That the stipulation entered into by the parties was in part as follows: "It is stipulated that *plaintiffs will dismiss*

*their complaint* and that the question of whether any relief shall be granted to cross-complainant on its cross-complaint for attorney's fees, and if so, the amount of same, may be determined by the Court based upon the files and depositions on file in this proceeding." (Italics added.)

From the stipulation it is apparent that it was not the court but the plaintiffs who were to dismiss their complaint, and that therefore the judgment, in failing to provide for a dismissal of the complaint, was not in conflict with and did not violate the stipulation of the parties.

(b) In determining whether defendant was the successful party the trial court had these facts before it: Defendant assigned the lease without plaintiffs' consent, contrary to its written agreement with plaintiffs, and it instructed its manager to deliver possession of the leased property to the assignee.

■ It is the general rule that attorney's fees are not recoverable from the opposing party in the absence of an express statutory provision or a contractual agreement that they be paid. (*Viner* v. *Untrecht*, 26 Cal.2d 261, 272 [13] [158 P.2d 3].) There is not any statute authorizing an attorney's fee to be paid to defendant under the facts as appear in this case. Therefore, we must look to the terms of the lease between the parties to see if there was any contractual liability upon the part of plaintiffs to pay defendant's attorney's fees. The lease provided that in case suit should be brought by either party against the other by reason of the breach of any of its provisions the successful party in such suit should be entitled to a reasonable attorney's fee in such amount as might be fixed by the court.

■ The stipulation entered into by the parties was not a stipulation for judgment for defendant but was a conditional stipulation in the form of a compromise providing that upon the fulfillment of certain conditions by defendant the lease might be reinstated. For example, it required defendant to pay back rents and make an accounting and required that the question of whether or not defendant was entitled to attorney's fees was to be left to the discretion of the trial judge. The record supports the trial judge's implied finding that the situation was a compromise and that neither party was successful.

Since defendant was not the successful party, it was not entitled to attorney's fees under the express provisions of the lease.

■ *Third*: That the judgment is against the law, insofar as it fails to award costs to defendant.

In this case the awarding of costs was discretionary with the trial court. Therefore, there was not any error in his denying costs to defendant.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.