[Civ. No. 17122.   First Dist., Div. Two.   May 28, 1957.]

MYRTLE BROOMS, Respondent, v. KERMIT BROOMS, Appellant.

Vince Monroe Townsend, Jr., for Appellant.

Vaughns, Dixon & White for Respondent.

STONE, J. pro tem.*—This partition action is a companion case to a divorce action between the same parties. The plaintiff wife filed an action for divorce to which the defendant answered and filed a cross-complaint for annulment, alleging that plaintiff had a husband living at the time she married defendant. The trial court found against the defendant on his cross-complaint and granted plaintiff an interlocutory decree of divorce awarding each party a one-half interest in the parcel of real property which is the subject of this partition action.   The defendant answered the plaintiff's complaint for partition and thereafter stipulated with the plaintiff for the entry of a judgment of partition. Pursuant to said stipulation, an interlocutory judgment and decree of partition was entered.   The usual partition proceedings followed, and eventually an order and decree confirming referee's sale at private sale in partition was filed. The defendant moved to have each order set aside as void, which motions the trial court denied.   Defendant has appealed

*Assigned by Chairman of Judicial Council.

from those orders and from the interlocutory and final judgments in partition.

The defendant stipulated to the entry of the "Judgment of Partition" from which he appeals, and his consent precludes a review on appeal. In the case of *Sorensen* v. *Lascy*, 42 Cal.App.2d 606, the court said at page 608 [109 P.2d 713], "It is an elementary and fundamental rule of appellate procedure that a judgment or order will not be disturbed on an appeal prosecuted by a party who consented to it. [Citations.]" (See also 3 Cal.Jur.2d 590, paragraph 132.) A stipulation is a consent within the meaning of this rule. (*Hibernia Sav. & Loan Soc.* v. *Waymire*, 152 Cal. 286 [92 P. 645]; *Pacific Paving Co.* v. *Vizelich*, 1 Cal. App. 281 [82 P. 82].)

Defendant argues that the stipulation and consent to judgment are void and not binding upon him as he entered into the stipulation because of a mistake of fact. Defendant contends he mistakenly assumed his marriage to plaintiff was valid while in truth and in fact it was void because she had a husband living at the time she married defendant. This contention was decided adversely to appellant in the divorce action, and this court affirmed said judgment in *Brooms* v. *Brooms*, reported *ante*, p. 343 [311 P.2d 562].

The judgment appealed from is affirmed. The order denying motion to vacate and set aside interlocutory and final judgment of partition is affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied June 27, 1957, and appellant's petition for a hearing by the Supreme Court was denied July 24, 1957.