[Civ. No. 27764.   Second Dist., Div. Two.   Dec. 20, 1965.]

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Plaintiff and Respondent, v. CLIFTON HILDEBRAND et al., Defendants and Appellants.

SOUTHERN PACIFIC COMPANY, Plaintiff and Respondent, v. CLIFTON HILDEBRAND et al., Defendants and Appellants.

(Consolidated Cases.)

Sea & Hanna, Donald M. Sea, Hildebrand & McLeod, Bodle & Fogel and George E. Bodle, for Defendants and Appellants.

Belcher, Henzie & Biegenzahn, Frank B. Belcher and Leo J. Biegenzahn for Plaintiffs and Respondents.

ROTH, P. J.—This appeal is by defendants Hildebrand, Bills, McLeod, Daggett, Dragmire, Bockhold and the Brotherhood of Railroad Trainmen (appellants) from a consent judgment for a permanent injunction rendered and entered in favor of plaintiffs The Atchison, Topeka & Santa Fe Railway Company and Southern Pacific Company, respondents herein.

Respondents' amended complaints (the originals were filed July 23, 1959) allege that appellants Hildebrand, Bills, McLeod and Daggett were attorneys licensed to practice law in the State of California; that the Brotherhood of Railroad Trainmen is an international labor union; and that appellants Dragmire and Bockhold were members of said union. They further allege that a conspiracy existed among all of the appellants to divert improperly the damage claims of injured employees to appellants' attorneys for processing in violation of rules 2, 3 and 11 of the Rules of Professional Conduct of the State Bar of California; that in furtherance of this conspiracy they improperly solicited hundreds of persons whose names are listed on a separate exhibit; that the acts of appellants were disruptive and destructive of good employer-employee relationships between respondents and their employees and consequently lowered the standard of loyalty to respondents on the part of many of their employees whose names are not known to respondents.

Finally, they allege that respondents had no adequate remedy at law and that they would suffer irreparable injury unless the appellants were restrained by the court from continuing their alleged course of conduct.

Appellants demurred on the grounds of lack of jurisdiction and no cause of action. The demurrers were overruled. Appellants filed their answers.

A period of procedural jousting ensued involving cross-complaints and demurrers thereto, a motion for preliminary injunction, and a motion for judgment on the pleadings.

In March of 1963, approximately three and one-half years after the amended complaints had been filed, appellants entered into a stipulation permitting the court to enter a consent decree for an injunction against them. The judgment was entered, and this appeal was taken therefrom.

Respondents argue that the appeal must be dismissed because no appeal lies from a consent judgment.

It is, of course, an elementary rule of appellate procedure that a judgment or order will not be disturbed on an appeal prosecuted by a party who consented to it. (*Adams* v. *Southern Pacific Co.*, 109 Cal.App. 728, 731 [293 P. 681]; *Reed* v. *Murphy*, 196 Cal. 395, 399 [238 P. 78]; *Hibernia Sav. & Loan Society* v. *Waymire*, 152 Cal. 286, 287 [92 P. 645]; *Sorensen* v. *Lascy*, 42 Cal.App.2d 606, 608 [109 P.2d 713]; *Brooms* v. *Brooms*, 151 Cal.App.2d 351, 352 [311 P.2d 567]; *Tracy* v. *Tracy*, 213 Cal.App.2d 359, 362-363 [28 Cal.Rptr. 815].) A stipulation such as the one at bench is a consent within the meaning of this rule. (*Brooms* v. *Brooms, supra,* at p. 352.)

It was stated in *Reed* v. *Murphy, supra,* at p. 399, that "It has been suggested, though never decided, in this state, so far as we are advised, that the rule requiring dismissal of appeals from consent judgments is subject to two exceptions, the first being in cases where the lower court did not have jurisdiction of the subject matter of the action, and the second in cases where the complaint is fatally defective (*Guigni* v. *Ratto,* 41 Cal.App. 49 [181 P. 809])."

So far as this court can determine, the validity of these possible exceptions has not yet been determined. Appellants raise both points. We cannot seriously entertain either argument.

The record shows that appellants' demurrers were overruled, they answered, cross-complained, and continued a procedural battle in excess of three years. If the trial court acted improperly in overruling the demurrers of appellants and they felt that no cause of action was stated against them, they could have permitted a default judgment to be taken and appealed forthwith. Such a course of action is undoubt-

edly a heroic tactic but it is less harsh than consenting to a judgment.

It should be remembered that a complaint is only a method of invoking the aid of the courts in determining a controversy, and the issue of its sufficiency is ordinarily a preliminary matter to be resolved prior to trial. Courts rarely, if ever, will concern themselves with the validity of the pleading, except incidentally, after judgment is entered (see *Ades* v. *Brush*, 66 Cal.App.2d 436, 444 [152 P.2d 519]; *Baker* v. *Miller*, 190 Cal. 263, 267 [212 P. 11].) This policy is equally applicable to consent judgments, for although plenary trial is bypassed, it is done so at the request of the parties.

Moreover, the stipulation entered into by the appellants recites, among other things, ''WHEREAS, the plaintiff and the defendants hereinafter named desire to settle as between themselves all disputes arising out of or connected with the matters which are the subject of the above entitled action, . . . '' We note also that the respondents gave up all rights to costs and any other relief they might have obtained after trial of the issues. It would be most unfair to allow the appellants now to frustrate the honest expectations of respondents that the case was settled and to continue the conflict once again.

■ Appellants also urge that the trial court which rendered the consent judgment did not have subject matter jurisdiction; it is therefore void and appeal therefrom is proper.

On this issue appellants contend first that since the superior court no longer may entertain disciplinary proceedings against attorneys,[1] the trial court was without jurisdiction to entertain an action seeking to enjoin professional misconduct. This argument is patently fallacious and requires nothing more to rebut it than to point out that the action at bench had nothing whatsoever to do with disciplinary proceedings.

■ Appellants also argue that the 1961 amendments to the Business and Professions Code broadening the investigative powers of the State Bar[2] and empowering the State Bar to enjoin the unlawful practice of law and unlawful solicitation[3] deprive the superior court from entertaining

---

[1]Bus. & Prof. Code, § 6100, as amended by Stats. 1951, ch. 177, § 2, p. 431.

[2]Bus. & Prof. Code, § 6044, subd. (d), as amended by Stats. 1961, ch. 2033, § 2.

[3]Bus. & Prof. Code, § 6030, as amended by Stats. 1961, ch. 2033, § 1.

any private action on these matters. It has always been the law of this state that an attorney who engages in conspiratorial acts to the detriment of a private citizen is subject to liability for his participation in such a conspiracy (see *Greenwood* v. *Mooradian,* 137 Cal.App.2d 532, 539 [290 P.2d 955]; *Warner* v. *Roadshow Attractions Co.,* 56 Cal.App.2d 1 [132 P.2d 35].) It is of no consequence that the conduct complained of might also be the subject of legal or disciplinary action by the State Bar. We cannot presume that so major a change in the law was made in such an indirect manner.

Since it is clear that the superior court had proper jurisdiction of the action, we invoke the rule that no appeal will lie from a consent judgment.

In their reply brief and at oral argument, appellants emphasize *Brotherhood of R.R. Trainmen* v. *Virginia,* 377 U.S. 1 [84 S.Ct. 1113, 12 L.Ed.2d 89], to demonstrate that the nature of the conduct here enjoined is constitutionally protected. By supplementary letter we have been also advised of *In the Matter of John Ruffalo, Jr.,* No. C 64-366, decided by Battisti, J. of the United States District Court, Northern District of Ohio, Eastern Division. Since we dismiss the appeal on procedural grounds, we make no determination of the effect of these cases on the merits of this case.

The appeal is dismissed.

Herndon, J., and Fleming, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 16, 1966.