[Civ. No. 46507. Second Dist., Div. Four. Apr. 6, 1976.]

KEN ROBERTS, Plaintiff and Appellant, v.
BALL, HUNT, HART, BROWN & BAERWITZ et al.,
Defendants and Respondents.

COUNSEL

Peter C. Bennett and Richard H. Floum for Plaintiff and Appellant.

Bonelli, Malone, Wood & Lyden, Stanley Sapiro, Ball, Hunt, Hart, Brown & Baerwitz, Joseph A. Ball, Moore, Graves & Madory and Richard E. Madory for Defendants and Respondents.

OPINION

**JEFFERSON (Bernard), J.**—Plaintiff Roberts filed his first amended complaint against various defendants, including those who are parties to this appeal, i.e., Ball, Hunt, Hart, Brown & Baerwitz, a law partnership, and Attorney Harvey Fierstein, alleging that these defendants had committed fraud and had made negligent misrepresentations. These latter defendants demurred to the first amended complaint; the demurrers were

sustained with leave to amend; plaintiff chose to stand on the complaint and, accordingly, dismissal was entered (pursuant to Code Civ. Proc., § 581d). Plaintiff appeals from the judgment of dismissal.

"In our examination of the complaint we are guided by the well settled principles governing the testing of its sufficiency by demurrer: A demurrer admits all material and issuable facts properly pleaded. [Citations.] However, it does not admit contentions, deductions or conclusions of fact or law alleged therein. [Citations.]" (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].)

The complaint is cast in 17 causes of action. The first 10 causes of action seek monetary recovery against 14 persons alleged to have been general partners of a partnership known as Burbank Broadcasting Company (BBC), against E. H. Bookasta and against other persons alleged to have acted in concert with BBC; these causes of action seek to recover over $800,000 allegedly loaned by plaintiff to, or advanced on account of BBC.

The 11th and 12th causes of action seek recovery from defendant law firm, Ball, Hunt, Hart, Brown & Baerwitz (hereinafter Ball) for alleged fraud and negligence in giving Bookasta a letter hereinafter discussed. The 13th and 14th causes of action seek recovery from attorney Fierstein for fraud and for negligence in making representations to plaintiff; the other causes of action are immaterial to this appeal. (The causes of action against Ball and Fierstein incorporate the allegations of the first four causes of action.) The appeal before us concerns only those causes of action alleged against defendants Ball and Fierstein.

The gravamen of the complaint against Ball is that that firm, at the request of Bookasta and with knowledge that he would show it to plaintiff, a prospective creditor of BBC, gave to Bookasta a letter stating that, in the professional opinion of the firm, BBC was a duly organized general partnership, consisting of 14 individuals who were general partners (also named as defendants in the first amended complaint); that Ball knew and understood that this letter was to be shown to plaintiff in order to induce plaintiff to make loans to BBC.

Plaintiff also alleged that Ball's knowledge of this use to which said letter would be put imposed upon Ball a duty to plaintiff to state in the letter all facts known to Ball respecting not only the legal nature of BBC

and its component members, but also the fact of the beliefs of such component members respecting the legal nature of BBC and their memberships therein; that by failing to disclose the fact of such beliefs, Ball omitted to state material facts necessary in order to make the statements contained in the letter *not* misleading.

Plaintiff then alleged that Ball breached "said duty to, among others, ROBERTS [the plaintiff], by fraudulently failing to disclose to him in said opinion letter or otherwise BALL's knowledge of the fact that a large number of the persons named in the BALL opinion letter as being general partners of BBC: [¶] (a) Did not believe either that BBC was a general partnership or that they were general partners therein; [¶] (b) Believed that BBC was an entity in which their liability would be and was limited to their pro rata share of the indebtedness of BBC to B of A arising out of the acquisition of the stock in GEC; [¶] (c) Believed that BBC had been incorporated in or about August 1972 so that thereafter they would have no personal liability for any obligations incurred by BBC thereafter; or [¶] (d) Believed that BBC was a limited partnership with MICHAEL COLICIGNO being the sole general partner therein, with the remainder of the members of BBC named in the BALL opinion letter being limited partners therein."

Plaintiff alleged that he lent money to BBC in reliance on the letter given him by Bookasta confirming that BBC was a general partnership; that he would not have made such loans had he been aware of the beliefs of BBC members that BBC was not a general partnership. Plaintiff also alleged that none of the money has been repaid him, and that he has been forced to incur substantial expense to hire counsel and incur litigation costs in an effort to establish the status of the 14 partners of BBC as general partners as a prerequisite for imposing liability upon them.

The claim against Attorney Fierstein is based primarily on the allegation that, prior to the time he made his representations to plaintiff concerning BBC's consisting of 14 general partners, the alleged general partners had met and voted to dissolve; that Fierstein not only knew this, but knew that a number of the partners were disputing their status as general partners.

Plaintiff also sets forth in his complaint the allegations of negligent, as opposed to willful, misrepresentation by the Ball firm and Fierstein of the true picture of the BBC partnership.

Plaintiff's basic argument on appeal is that a complaint states a good cause of action against an attorney for fraud or negligent misrepresentation to a third party where all the elements of those torts have been pled. Defendants contend that plaintiff's complaint fails to allege a cause of action for misrepresentation which damaged plaintiff, and that there exists no duty owed by the defendant attorneys to third persons, including plaintiff, which was breached by defendants.

The extent of liability an attorney may incur toward third persons, while the attorney is acting on behalf of a client, has been the subject of divergent opinion in various American jurisdictions, the traditional view being that an attorney may not generally be held liable to third persons because he is not in privity with them, and owes them no duty to act with care. (See Attorneys—Liability to Third Parties, 45 A.L.R.3d 1177, 1181.) A typical statement of this approach is that "an attorney is not liable to third persons for acts committed in good faith in performance of professional activities as an attorney for his client. If, however, an attorney is actuated by malicious motives, or shares the illegal motives of his client, he may be personally liable with the client for damage suffered by a third person as the result of the attorney's actions." (Fns. omitted.) (7 A.m.Jur.2d., Attorneys, § 196, p. 161 (1963).)

■ California has long adopted the view that an attorney may not, with impunity, either conspire with a client to defraud or injure a third person or engage in intentional tortious conduct toward a third person. (*Greenwood* v. *Mooradian* (1955) 137 Cal.App.2d 532 [290 P.2d 955]; *Atchison, T. & S. F. Ry. Co.* v. *Hildebrand* (1965) 238 Cal.App.2d 859 [48 Cal.Rptr. 339]; *Warner* v. *Roadshow Attractions Co.* (1942) 56 Cal.App.2d 1 [132 P.2d 35]; see also, *Daly* v. *Smith* (1963) 220 Cal.App.2d 592 [33 Cal.Rptr. 920].)

In the instant case, plaintiff has not pleaded that defendants conspired with others to injure him, but has sought to state causes of action against defendants for the torts of deceit and fraud. (See Civ. Code, §§ 1709, 1710.) ■ The essential allegations of an action for fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damage. (*Universal By-Products, Inc.* v. *City of Modesto* (1974) 43 Cal.App.3d 145, 151 [117 Cal.Rptr. 525].) ■ Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity to allow defendant to understand fully the nature of the charge made. (*Hills Trans. Co.* v. *Southwest Forest Industries, Inc.*

(1968) 266 Cal.App.2d 702, 707 [72 Cal.Rptr. 441].) ■ It is clear that plaintiff has failed to plead that defendants gave their written opinions concerning the status of the BBC partnership with fraudulent intent; such an allegation was crucial to the statement of any cause of action against defendants for the intentional tort of fraud or deceit. Therefore, as to the 11th and 13th causes of action, the demurrer was properly sustained.

The 12th and 14th causes of action, however, allege negligent misrepresentation and, in our view, stated a cause of action against the defendants which was good against a general demurrer.

It was, of course, permissible for plaintiff to allege inconsistent theories of recovery, and there is some authority holding that a plaintiff should be able, on information and belief, to plead inconsistent facts as well. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 299, pp. 1971-1972.)

As to negligent misrepresentation as a form of deceit, Civil Code section 1710 provides, in pertinent part, that a deceit may be ". . . (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; [¶] (3) The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; . . ."

Under present California law, an attorney may owe a duty to a third person, and may be liable if the third person who was intended to be benefited by his performance is injured by his negligent execution of that duty. "An attorney may be liable for damage caused by his negligence to a person intended to be benefited by his performance irrespective of any lack of privity of contract between the attorney and the party to be benefited. [Citation.] The liability sounds in tort. [Citation.] The determination of whether the duty undertaken by an attorney extends to a third party not in privity 'involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.' [Citations.]" (*Donald* v. *Garry* (1971) 19 Cal.App.3d 769, 771-772 [97 Cal.Rptr. 191, 45 A.L.R.3d 1177]; see also, Rest.2d Torts,

§ 324 A; *Lucas* v. *Hamm* (1961) 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685]; *Heyer* v. *Flaig* (1969) 70 Cal.2d 223 [74 Cal.Rptr. 225, 449 P.2d 161].)

In the instant case, according to plaintiff's allegations, defendants undertook, on behalf of their clients, to assist in securing loans from various persons, including plaintiff, for the benefit of BBC. The defendants' opinion concerning the status of the partners was rendered for the purpose of influencing plaintiff's conduct, and harm to him was clearly foreseeable. We have no difficulty, therefore, in determining that the issuance of a legal opinion intended to secure benefit for the client, either monetary or otherwise, must be issued with due care, or the attorneys who do not act carefully will have breached a duty owed to those they attempted or expected to influence on behalf of their clients.

■ Defendants assert that plaintiff has alleged no misrepresentation, and that, therefore, any cause of action based upon misrepresentation must fail. Defendants assert that the opinion that the BBC partners were general rather than limited is not alleged by plaintiff to be incorrect, and, hence, that no breach of duty is alleged. But the essence of plaintiff's causes of action sounding in negligence is that defendants knew about the *doubt* as to the status of the partnership because of the contention of certain partners that they were limited partners, only, and knowingly failed to reveal that doubt to plaintiff. Even though defendants may have believed that there was a general partnership in spite of the claims of some of the general partners, the firm had a duty to reveal to plaintiff this doubt as to the status of the partnership as a general partnership, since the firm knew that disclosure of this doubt might well be determinative of plaintiff's decision to make loans to BBC. Half the truth is often as misleading as outright falsehood. Where a defendant makes false statements, honestly believing them to be true, but without reasonable grounds for such belief, he may be held liable for negligent misrepresentation, a form of deceit. (*Gagne* v. *Bertran* (1954) 43 Cal.2d 481, 487-488 [275 P.2d 15]; Civ. Code, § 1710, subds. 2, 3.)

■ Defendants finally assert that plaintiff has not pled damages with sufficient specificity. It is true that damages must be so pled, rather than alleged in speculative terms. (*Ventura County Humane Society* v. *Holloway* (1974) 40 Cal.App.3d 897, 907 [115 Cal.Rptr. 464].) Civil Code section 1709 states that damage recoverable by a plaintiff in a deceit case is "any damage which he thereby suffers" as a result of the deceit. This damage rule for deceit allows for an out-of-pocket, i.e., restitutional, loss.

Plaintiff has alleged, as one item of out-of-pocket loss, attorney's fees and costs incurred by reason of the necessity of instituting the instant litigation against the partners of BBC in the hope of establishing that the BBC partnership was a general partnership rather than a limited partnership. Plaintiff is in the position of sustaining very substantial damage if the outcome of this suit against the BBC partners establishes that they are limited partners; substantial legal expense will be incurred to secure this determination, even if that determination is favorable to him. Such legal expense is neither remote nor speculative, but must of necessity be incurred by plaintiff to make him whole.

■ It is the general rule that, in the absence of some statutory or contractual provision, attorney's fees must be paid by the party employing the attorney and are not recoverable as damages against the party being sued. (Code Civ. Proc., § 1021; *Reid* v. *Valley Restaurants, Inc.* (1957) 48 Cal.2d 606 [311 P.2d 473].) But an important exception to the general rule states that "[a] person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred. [Citations.]" (*Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 620 [30 Cal.Rptr. 821, 381 P.2d 645].)

The *Prentice* exception is clearly applicable to the case at bench. As stated in *Vanguard Recording Society, Inc.* v. *Fantasy Records, Inc.* (1972) 24 Cal.App.3d 410, 419 [100 Cal.Rptr. 826] with respect to the *Prentice* exception: "the court held that where the defendant's breach of duty to the plaintiff had made it necessary for the plaintiff to sue third persons, the plaintiff was entitled to recover from the defendant the attorney's fees incurred in suing the third persons. Although the plaintiff in Prentice had sued the defendant and the third persons in the same action, the court held that this fact constituted no bar to the plaintiff's right to recover from the defendant the attorney's fees incurred in the prosecution of the counts in the complaint against the third persons." ■ We conclude, therefore, that plaintiff has alleged damage with sufficient specificity to preclude an attack by general demurrer.

The judgment (order of dismissal) appealed from is reversed, as indicated herein.

Dunn, J., concurred.

**KINGSLEY, Acting P. J.**—I concur in part and dissent in part:

(1) I concur in the judgment insofar as it affirms the order sustaining the demurrer to counts XI and XIII;

(2) I also concur in the judgment insofar as it reverses the judgment as to count XIV;

(3) However, I dissent from the judgment insofar as it reverses the judgment as to count XII.

The majority opinion omits what I regard as a controlling fact. In his first cause of action (incorporated by references in the 12th cause of action) plaintiff alleges that "Gary Bookasta obtained and delivered, *with the consent and authority of the*"[1] 14 alleged general partners, the letter which he claims gave rise to the liability of the Ball firm. In my opinion, that allegation defeats plaintiff's claim that the letter was misleading by omitting essential facts. Whatever doubts the 14 alleged partners may previously have expressed as to their legal status, when *they,* as alleged, asked the Ball firm to give to plaintiff a letter certifying that they were general partners, the Ball firm was entitled to believe that any earlier doubts had been resolved and, thus, that there was no reason or duty to report to plaintiff the earlier doubts.

Petitions for a rehearing were denied April 26 and 28, 1976. Kingsley, J., was of the opinion that the petition denied on April 28, 1976 should be granted. Respondents' petitions for a hearing by the Supreme Court were denied June 2, 1976.

---

[1]Italics added.