MAURICE LEE SILVER, Plaintiff-Appellant, *v.* PETER T. GEORGE, WILLIAM H. KRUTZER, III, ROBERT J. SMOLENSKI, individually, and as officer and agents of Pace Corporation, PACE CORPORATION, and TORKILDSON, KATZ & CONAHAN, a Law corporation, Defendants-Appellees

NO. 6620

NOVEMBER 3, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order granting summary judgment to the defendants-appellees below. The question presented is whether summary judgment should have been granted for appellees in a situation where plaintiff-appellant borrowed money on the request of some of the defendants-appellees and was damaged when he in turn loaned the money to those other parties but was unable to collect either his borrowing costs or any interest from them because the attorney one of the appellees retained to prepare the note, drew a note which did not cover his borrowing costs and which was usuriously illegal on its face. We reverse.

The facts in this case are clear. Appellee Krutzer was appellant's step-son. Krutzer, Appellee George and appellant

were on a close and friendly basis. Appellee George owned Pace Corporation of which Appellee Krutzer was an officer and director. Pace Corporation needed $100,000. George and Krutzer prevailed upon appellant to borrow the money from others and lend it to them so that they could use it for the corporation. They agreed to pay appellant the costs of his borrowing plus 6%. Appellee Krutzer had the note drawn by Appellee Smolenski, an associate in the firm of Appellee Torkildson, Katz & Conahan. The note Smolenski drafted provided that George and Krutzer would be the makers, Silver the payee and that interest would be paid at the rate of 20% per annum. The interest provision, of course, was usurious on its face. Appellant knew that the note had been drawn by Smokenski and he obviously relied upon the note in borrowing the money to lend to Appellees George and Krutzer and thereby incurred costs on his borrowing. When the note was not paid, he brought suit. George and Krutzer set up usury as a defense and the judgment, therefore, under § 478-4,[1] *Hawaii Revised Statutes* (HRS), was for the principal only. Thus, appellant lost the costs he had paid on his borrowing.

We think it is self-evident that an attorney, when he draws a note with named makers and a named payee, knows or should know that those parties, knowing the note to have been drawn by an attorney, will rely upon that note as being in accord with law. The note interest was 20% per annum, a flat out violation of § 478-6,[2] *HRS*. It rendered appellant open to

---

[1] *HRS* § 478-4:

*Usury not recoverable.* If a greater rate of interest than one per cent a month is contracted for, the contract shall not by reason thereof, be void. But if in any action on the contract proof is made that a greater rate of interest than one per cent a month has been directly or indirectly contracted for, the plaintiff shall only recover the principal and the defendant shall recover costs; . . . .

[2] *HRS* § 478-6:

*Usury; penalty.* Except as otherwise permitted by law, any person who directly or indirectly receives any interest, discount, or consideration for or upon the loan or forbearance to enforce the payment of money, goods, or things in action, at a rate greater than one per cent a month or who, by any method or device whatsoever, receives or arranges for the receipt of interest, increase, or

criminal prosecution under § 478-6, *HRS*. This is not the appropriate time and place to go into the ethical questions raised by the drafting of this note although they obviously exist. See, for example, Disciplinary Rule 7-102(A)(8).

The transcript clearly reveals that the court below granted summary judgment for the reason that Appellee Smolenski was not the attorney for appellant. That ruling was error. We hold that it is a per se violation of an attorney's duty for him to draw a note which is on its face usurious, that that duty runs at least to the named parties to the note, including the payee, even though the payee did not hire him or pay his fee; that the attorney is the agent for his clients in drawing the note; and that his clients should not be permitted to be unjustly enriched at the expense of the payee when the attorney draws a note which violates the law and thus confers a benefit upon his clients at the expense of the relying and innocent payee. Compare, *Roberts v. Ball, et al.*, 128 Cal. Rptr. 901 (Cal. App. Ct. 1976) and see note "Attorney's Liability, To One Other Than His Immediate Client, For Consequences Of Negligence In Carrying Out Legal Duties", 45 ALR3d 1181.

Appellees George, Krutzer and Pace Corporation contend that appellant in his Questions Presented in the opening brief raised no issues with respect to them and that therefore, in accordance with Supreme Court Rule 3(b)(3), the arguments for reversal as to them should be disregarded. The record is clear that summary judgment was granted because the court found it to be undisputed that Appellee Smolenski was not appellant's attorney. That was the holding appealed from and that is the holding reversed. Appellees George, Krutzer and Pace were the clients of Smolenski, they benefited from what he did and are liable with him if he acted to appellant's damage by drawing the usurious note. We think the questions

---

profit at a greater rate than one per cent a month on any loan made by him shall be guilty of usury and shall be fined not more than $250, or imprisoned not more than one year, or both. The rate of one per cent a month shall cover all commissions, fees, charges, interest, increase, and profit of every character whatsoever.

presented, considering the ground for the decision below, are broad enough to encompass the arguments against them.

Appellee Smolenski's counsel took the position at oral argument that when his client learned of the actual agreement between the parties in the suit on the original note, he realized the agreement was not usurious and thus he amended his client's answer in that suit to drop the defense of usury. That contention was not presented in his answers to interrogatories, affidavit or memorandum in support of his motion below. His deposition, which had been taken before the hearing on the motion, was not filed until long after the judgment below was entered. In it, he clearly states, however, that when he heard what the alleged true agreement was from appellant's attorney, he formed no opinion as to whether the transaction was usurious but told his client to drop the defense because

> . . . Maurice Silver was extremely upset and it would be, you know, crazy to go ahead and push him into suing the individuals.

Moreover, Appellee Smolenski, according to his deposition, remained as counsel of record at the time the defense of usury was reasserted by the new counsel his clients retained.

There are obviously many issues of fact and law, including issues as to what damages might be allowable to appellant (should he prevail below) in the light of the public policy evidenced by the usury statutes, which were not resolved below and are not dealt with here. They may all be considered below on remand.

Reversed and remanded for further proceedings consistent herewith.

*George T. Davis (Joseph A. Ryan* with him on the briefs, *Ryan & Ryan* of counsel) for plaintiff-appellant.

*Dennis E. W. O'Connor (Erik R. Zen* with him on the brief, *Anthony, Hoddick, Reinwald & O'Connor* of counsel) for defendants-appellees Peter T. George, William H. Krutzer III, and Pace Corporation.

*Richard E. Stifel (Jacqueline L. S. Earle* with him on the brief, *Goodsill Anderson & Quinn* of counsel) for

defendants-appellees Robert J. Smolenski and Torkildson, Katz & Conahan, a Law Corporation.