**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company, | No. 17-56514 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-07937-RSWL-E |
| v. | |
| QUARLES & BRADY, LLP; JAMES GATZIOLIS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted August 13, 2019
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[**] District Judge.

Plaintiff GemCap Lending I, LLC, sued a law firm and one of its lawyers

after Plaintiff was unable to collect on a loan that it had issued to Crop USA

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Insurance Agency, Inc. and Crop USA Insurance Services, LLC (collectively, "Crop"). Defendants Quarles & Brady, LLP, and James Gatziolis represented Crop during loan negotiations and wrote two Opinion Letters with regard to the loan. After declaring that Crop was in default, Plaintiffs sued, claiming misrepresentation and concealment. The district court entered summary judgment in favor of Defendants. On de novo review, Brunozzi v. Cable Commc'ns, Inc., 851 F.3d 990, 995 (9th Cir. 2017), we affirm.[1]

1. Under California law, Defendants owed a duty to Plaintiff not to defraud or mislead, either by action or omission, even though they represented the opposing party to the transaction. See, e.g., Cicone v. URS Corp., 227 Cal. Rptr. 887, 891 (Ct. App. 1986) ("[T]he case law is clear that a duty is owed by an attorney not to defraud another, even if that other is an attorney negotiating at arm's length."); Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, 128 Cal. Rptr. 901, 905 (Ct. App. 1976) ("[A]n attorney may owe a duty to a third person, and may be liable if the third person who was intended to be benefitted by his

---

[1] Like the district court, we note that Plaintiff did not plead its theory that Defendants concealed their concerns that Crop's sub-agents might be paid directly in the event of a default. Although we affirm the district court's decision on the merits, summary judgment is appropriate on the alternative ground that the theory was not pleaded in the complaint. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000) (holding that allowing the plaintiffs to proceed with a new theory of liability after the close of discovery would prejudice the defendants).

performance is injured by his negligent execution of that duty.").  In its professional malpractice claims, Plaintiff alleges eight theories of breach.  None involves a genuine issue of material fact; therefore, summary judgment was proper.

(a)  The "Knowledge Qualifier" provides no basis for holding Defendants liable.  Nothing in it suggests that Defendants knew that Diversified would pay Crop's sub-agents directly in the event of a default; the Opinion Letters specify instead that Defendants "assumed" certain matters.  Additionally, although Gatziolis' July 19, 2013 statements indicated that the sub-agents' commissions had bypassed Crop during a previous, unrelated default, the Opinion Letters do not refer in any way to Plaintiff's ability to collect "gross commissions."

(b)  The Opinion Letters expressly disclaimed any opinions on the existence of the Collateral, what constituted the Collateral, the extent of Crop's rights in the Collateral, and Plaintiff's priority in the Collateral.  Accordingly, Defendants' doubts (if any) about whether sub-agent commissions would be paid first in the event of a default are immaterial because that issue was outside the scope of the opinions.

(c)  The "Consent Clause" does not state that Plaintiff had a right to collect "gross commissions" after a default, without the consent of others.  Rather, it stated only that no other consent was required to enter into the loan or to fulfill the

transactions contemplated by the loan documents. As noted, Defendants did not opine about Plaintiff's right to receive sub-agents' commissions.

(d) Plaintiff claims that Defendants made misrepresentations in Crop's Disclosure Schedule. But Defendants did not ratify or opine about Crop's Disclosure Schedule in the Opinion Letters or otherwise.

(e) The record contains no evidence that Defendants knew that Crop's Administrative Agreement with AIA Insurance, Inc. and AIA Insurance Services Corporation (collectively, "AIA") was still in effect at the time of the loan. Therefore, non-disclosure is not actionable.

(f) Similarly, the record contains no evidence that Defendants knew about the "affiliates" clause in Crop's agreement with AIA.

(g) The Opinion Letters stated that Defendants knew of no litigation asserting the invalidity of the loan, seeking to prevent the consummation of the loan transaction, or otherwise adversely affecting the validity or enforceability of the loan. These representations did not create a duty to disclose two pending cases against Crop because neither challenged the validity or enforceability of the loan; Defendants made no representation concerning whether Crop might be subject to money damages.

(h) Finally, Defendants' assertion that litigation involving John Taylor and Crop would be terminated in their favor and "would have no impact" on the loan was accurate. The litigation did not result in a judgment against Crop and was not a reason why Plaintiff declared a default, nor is there evidence that this litigation impaired the loan.

2. For the reasons explained above, Plaintiff's claims of intentional misrepresentation fail. See Lazar v. Superior Court, 909 P.2d 981, 984 (Cal. 1996) (listing the elements of fraud (or intentional misrepresentation) as: misrepresentation, knowledge of falsity, intent to induce reliance, actual justifiable reliance, and resulting damage).

3. The elements of negligent misrepresentation are the same as those for intentional misrepresentation, except that a lower standard than knowledge of falsity applies, Chapman v. Skype Inc., 162 Cal. Rptr. 3d 864, 875 (Ct. App. 2013), and omissions are not actionable, Lopez v. Nissan N. Am., Inc., 135 Cal. Rptr. 3d 116, 136 (Ct. App. 2011). Again, for the reasons explained above, these claims fail.

4. Because Defendants did not conceal any material facts that they had a duty to disclose, Plaintiff cannot succeed on its concealment claims. See Lovejoy

v. AT&T Corp., 14 Cal. Rptr. 3d 117, 121–22 (Ct. App. 2004) (stating elements of concealment claim).

5.  Because we need not and do not rely on any expert opinions, the differing opinions do not create a material issue of fact.

6.  Because we affirm summary judgment for Defendants, we need not and do not reach Plaintiff's argument that the district court should have granted a partial summary judgment on a subsidiary issue that is subsumed in our holdings above.

**AFFIRMED.**