[S. F. No. 2647.    In Bank.—February 14, 1902.]

## THE STANLEY-TAYLOR COMPANY, Appellant, v. THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

MANDAMUS TO SUPERVISORS—LOWEST BID FOR PRINTING—REJECTION OF ALL BIDS—POWER OF BOARD UNDER CHARTER.—*Mandamus* will not lie in favor of the lowest bidder for printing forms and blanks under an advertisement for sealed proposals therefor by the board of supervisors of the city and county of San Francisco, where the advertisement stated that "the board reserves the right to reject any and all bids if the public good so require," and the board, in the exercise of a power given to it by the charter, "when the supervisors believe that the public interests will be subserved thereby," rejected all bids for the reason assigned, "that public policy demands such action to be taken."

ID.—ALLEGATION IN PETITION—REASON FOR REJECTION—ABSENCE OF UNION LABEL—JUDGMENT OF BOARD FINAL.—An allegation in the petition for *mandamus,* that no grounds of public interest or public

policy were stated, or could be truthfully stated or existed, and that the real reason for rejection of plaintiff's proposal was that plaintiff had not been authorized by the Allied Printing Trades Council to use its label, is not sufficient to support the petition, since the law has made the board the final arbiter of the question of public interest, and vested in it full discretion to determine the matter, and made its belief and judgment final, however capricious or erroneous the exercise of its judgment may have been.

ID.—POWER OF COURT TO INTERFERE BY MANDAMUS—BELIEF AND DISCRETION OF BOARD—CAPRICIOUS ACTION.—The court cannot interfere by *mandamus* to substitute its belief and judgment for that of the board. The writ of mandate will lie to correct illegal but not capricious acts. It will only lie to compel the performance of an act specially enjoined as a duty resulting from an office; and where the discretion to be exercised by the inferior tribunal was intended to be final, it cannot be controlled by *mandamus.*

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. B. Kollmyer, for Appellant.

Franklin K. Lane, City Attorney, for Respondent.

THE COURT.—Appeal from judgment, entered for defendants, after order sustaining demurrer to petition for a writ of mandate. The petition shows that the defendants, as the board of supervisors of the city and county of San Francisco, advertised for sealed proposals for furnishing the said city and county with certain printed forms and blanks, and that the contract would be let to the lowest bidder. The advertisement stated that the "board reserves the right to reject any and all bids if the public good so require." The petitioner put in a bid in due form, which was the lowest of several bids for the class of work described in the bid. The board rejected all bids "for the reason that public policy demands such action be taken."

The learned judge of the court below, in sustaining the demurrer to the petition in a written opinion, said:—

"The charter of the city and county provides that 'all contracts for . . . printing for the city and county . . . must be made by the supervisors with the lowest bidder offering ade-

quate security'; and, after setting forth the manner in which proposals shall be received, the charter further provides that 'when the supervisors believe that the public interests will be subserved thereby, they may reject any and all bids and cause notice for proposals to be re-advertised.'

"It is alleged that no grounds of public interest or public policy were stated by defendant, or that any could be truthfully stated, or that any existed; and that the real reason for rejection of plaintiff's proposal was, that plaintiff had not been authorized by the Allied Printing Trades Council to use its label.

"Where the law intended a subordinate body to be the final arbiter of any question, vesting such body with discretion to determine the matter, and making its judgment absolute, the writ of mandate will not lie to divest or mold or otherwise interfere with such discretion. In this instance, as appears from the resolution adopted and set out in the petition, the board of supervisors exercised its discretion. It determined a fact it was empowered by the charter to determine. That its determination was erroneous or its reasons bad is immaterial. It had jurisdiction to decide the matter, and having such jurisdiction, its judgment cannot be controlled by the courts. How the public interest was subserved by rejecting the bid of plaintiff does not appear. Plaintiff was the lowest bidder, and had complied fully with the requirements of the charter, but that the board believed public policy would be subserved appears from the petition, and, under the law, action upon such belief is an exercise of discretion. The legislature has committed the power of deciding to the defendant. 'When the supervisors *believe*,' is the language of the charter, 'that public interest will be subserved,' they may reject 'any and all bids.' Were the court to interfere, it might substitute its belief and its judgment for the belief and judgment of the board, a result that our system does not contemplate. The writ of mandate will lie to correct illegal but not capricious acts."

We agree with the above, and adopt it as part of this opinion.

The writ will only issue to compel the performance of an act specially enjoined as a duty resulting from an office. (Code Civ. Proc., sec. 1085.) If the discretion to be exercised by

the inferior tribunal or board was intended to be final, or if there is any other plain, speedy, and adequate remedy, *mandamus* will not lie. (*Wood* v. *Strother*, 76 Cal. 545, and cases cited.)

The judgment is affirmed.

Rehearing denied.