[Civ. No. 14282.   First Dist., Div. Two.   Sept. 28, 1950.]

FRANK LAURENT, Appellant, v. CITY AND COUNTY
OF SAN FRANCISCO et al., Respondents.

Walter H. Duane and Joseph P. Lacey for Appellant.

Dion R. Holm, City Attorney, and A. Dal Thomson, Public
Utilities Counsel, for Respondents.

GOODELL, J.—Appellant filed in the superior court his
petition for a writ of mandate to compel respondents as mem-
bers of the Public Utilities Commission and J. H. Turner as
manager of public utilities and B. M. Doolin as manager
and chief engineer of the airport department "to formally
accept the bid of petitioner and to execute a lease with peti-
tioner, . . . " covering a certain area at the San Francisco

Airport near South San Francisco. Respondents' return raised issues of law and fact. The court's ruling denying the writ amounted to the sustaining of a demurrer to the petition.

The petition alleges that at the direction of the commission a call for bids was issued by the director of property, reciting that sealed bids would be received up to October 21, 1948, at 10 a. m. for leasing ·for automobile parking and "U" Drive purposes an area approximately 229 feet by 310 feet at the airport, north of the administration building. The call recited that the lease would be for three years, subject to the covenants, terms and conditions set forth in the proposed. lease on file in the office of the director and that it would be "awarded to the highest responsible bidder subject to confirmation by the Public Utilities Commission." It ·concluded with the statement "Right reserved to reject any and all bids" and was signed by Eugene J. Riordan, director of property.

The petitioner alleges that at the time and place mentioned he and others were present and "bids were opened and examined and your petitioner was thereupon publicly declared by the respondent Turner to be the highest bidder and the winner of the lease."

There are allegations that appellant thereupon made arrangements and purchases preparatory to entering into possession under the prospective lease, and disposed of other business interests.

It is then alleged that about November 22, 1948, the commission adopted a resolution rejecting petitioner's bid and on the 24th notified him in writing of such resolution and rejection. It appears from the record that the commission rejected not only₀ appellant's bid but all bids.

Appellant argues that "The mode provided for the leasing of lands devoted to airport purposes is clearly and intelligibly set forth in section 93 of the charter and no mode other than that provided by the statute may be followed."

We agree with appellant that a charter provision is "subject to the same rules of interpretation as a statute" (*Braun, Bryant & Austin* v. *McGuire,* 201 Cal. 134, 143 [255 P. 808]). ·We agree, also, that the rule that the mode constitutes the measure of the power is one of long standing (*Zottman* v. *San Francisco,* 20 Cal. 96, 102 [81 Am.Dec. 96]).

The sole inquiry on this appeal is, "Where does the authority reside to accept or reject bids?"

Section 93 of the charter provides *inter alia* that "the

public utilities commission may provide, by resolution, that lands now devoted to airport purposes or lands that may hereafter be acquired and devoted to airport purposes may be leased or rented for a period not to exceed forty years, and the director of property shall arrange for such lease to the highest responsible bidder at the highest monthly or annual rent, and thereafter the administration of any and all such leases shall be by the public utilities commission; . . .''

There is no express language in section 93 respecting the right to reject bids, but appellant concedes ''that the right to reject any and all bids may be reserved.'' However, that concession is coupled with the claim that ''such right may be reserved *only* by the official authorized to call for and accept bids.''

The charter vests in the director the authority to ''arrange'' for the lease ''to the highest responsible bidder'' and that is all the authority the director is expressly given by the charter. Appellant in contending that the director ''was the only person empowered to accept or reject the bid'' does not point to any charter language or any other authority supporting his contention. His petition, however, is inconsistent with that contention since it alleges that the ''Director of Property . . . *at the direction of the* . . . *Commission,* caused to be published'' the invitation for bids, and its prayer is for a writ ''commanding respondents composing the Public Utilities Commission . . . and J. H. Turner, as Manager . . . and B. M. Doolin, as Manager and Chief Engineer of the Airport Department . . . to formally *accept the bid* of petitioner and to *execute a lease* with petitioner, in accordance with the terms set forth in *its* call for bids . . .'' (Emphasis added). Thus the pleader recognizes that the duties to accept the bid and make the lease reside in the commission and that the call for bids was ''its''—the commission's—call. If so, then of course the reservation of the right to reject was the commission's reservation. The provision in the call ''subject to confirmation by the Public Utilities Commission'' is simply an amplification of the reservation of the right to reject bids, designed ''to make assurance doubly sure.''

To hold that the call was made by the commission (although arranged by the director) and that the right reserved to reject bids was *its* right, is not at all at war with the language of the charter, but wholly consistent with it. Respondents argue that ''Since neither the charter nor any

municipal ordinance enacts any procedure with reference to a lease of this character, it follows that the Director . . . may insert, in the call for bids, such reasonable provisions as are appropriate for the protection of the city. Among these provisions is the clause that the bid is subject to confirmation by the . . . Commission.'' This is a reasonable view, and we agree with it.

If the charter, instead of using general language (as such organic instruments ordinarily do) had prescribed definite procedural machinery with respect to bidding, and the call for bids had gone beyond it or the director or the commission had imposed other or more burdensome or inconsistent provisions, then an entirely different problem would arise, such, for example, as was presented in *Neal Publishing Co.* v. *Rolph,* 169 Cal. 190 [146 P. 659] and *City of San Buenaventura* v. *Ventura County Star, Inc.,* 29 Cal.App.2d 41 [83 P.2d 975], cited by appellant. But no such problem is presented.

Appellant states in his brief that the director accepted *the check for $1,000* but does not state that he accepted the *bid,* and does not so allege in his petition. The petition alleges that when the bids were opened ''your petitioner was thereupon publicly declared by the respondent Turner to be the highest bidder and the winner of the lease.'' Respondent Turner is the manager of public utilities, but it nowhere appears that he has authority to speak or act for the commission in such a matter as this. It is argued that the director was present when respondent Turner made the announcement (the record does not show this), but it does not appear that he said anything, and his silence is understandable on the assumption that he considered the acceptance or rejection of bids no concern of his, although he was the one to receive them together with the accompanying checks.

The appellant, as we have seen, contends that the authority and power to accept or reject bids resided in the director and not the commission. Notwithstanding this claim the appellant does not allege in his petition that the director accepted the bid, and, as the trial judge points out, the director was not joined as a respondent in the proceeding. The petition alleges that appellant's bid was declared to be the highest and winning bid by respondent Turner, who, of course, is not the director of property. It prays for a writ compelling the commission to formally accept the bid and execute the lease. If, as we have held, the power and authority resides in the commission, it was within the commission's discretion to reject all the

bids tendered, and it cannot be compelled by mandate to do otherwise. (*Stanley-Taylor Co.* v. *Board of Supervisors,* 135 Cal. 486, 488 [67 P. 783].) The petition does not state facts sufficient to justify the issuance of a writ of mandate.

Respondents' motion to dismiss the appeal on the ground that the questions raised by the petition have become moot is denied.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.