Filed 4/22/15  Padilla v. Moore CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ANGELICA PADILLA, | |
| Plaintiff and Appellant, | E059794 |
| v. | (Super.Ct.No. CIVRS 1201776) |
| JOSEPH MOORE et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Affirmed.

Timothy L. Taggart for Plaintiff and Appellant.

Manning Leaver Bruder & Berberich, Gary H. Prudian and Robert D. Daniels for Defendants and Respondents.

Plaintiff and appellant Angelica Padilla appeals the summary judgment granted in favor of defendants and respondents Joseph Moore and Ontario Nissan, Inc. dba Metro Nissan (Metro) in her action for fraud and declaratory relief—rescission of her contract to purchase a vehicle.  She claims triable issues of fact exist as to whether defendants

1

misrepresented her status as a purchaser of the vehicle when she was to be a cosigner and whether they falsified her income and employment status on her credit application. Additionally, she asserts that she was not provided with copies of the sales documents, in violation of the Automobile Sales Finance Act (Civ. Code, § 2981 et seq.) and that defendants failed to provide her with a Spanish version of the documents, in violation of Civil Code section 1632. We reject her contentions and affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On or about October 25, 2009, Padilla filled out a credit application at Metro that showed gross monthly income of $8,375, and a monthly mortgage payment of $2,175. On or about October 26, 2009, Padilla executed a Retail Installment Sale Contract (contract) for the purchase of a 2009 Nissan Murano from Metro. Metro prepared the contract, identifying Padilla as the sole buyer. Padilla understood that "[w]henever you sign as a cosigner, you're always responsible, no matter what." Moore was Metro's salesman who presented the contract to Padilla for signature.

By signing the contract, Padilla was helping her friend and coworker, Deandra Stroud, purchase a vehicle "along with me, both, the two of us." Padilla agreed to be a cosigner. The plan involved Stroud giving Padilla the money each month to make the payment. However, on or about November 1, 2011, when Stroud stopped giving Padilla the money, Padilla went to Stroud's house, picked up the Murano, and returned it to the dealership.

On March 6, 2012, Padilla initiated this action against defendants, asserting causes of action for fraud and declaratory relief—rescission. Padilla alleged that Moore, as an

2

agent of Metro, defrauded her into signing the contract when he advised her that she was merely cosigning for a friend who was purchasing a car. She claimed that she was justified in relying on Moore's representations because "she did not read English very well, and the documents were not in Spanish." For damages, Padilla alleged "negative marks on her credit." Padilla sought a declaration from the court as to her right to rescind the contract and not face any negative marks on her credit. Defendants answered Padilla's complaint in May 2012.

In April 2013, defendants moved for summary judgment on the grounds that: (1) Padilla suffered no damage from the representation that she was a cobuyer and not a buyer on the contract; (2) defendants had no duty to disclose to her the contents of her credit application to prospective lenders; (3) defendants did not intend that she rely on the contents of her application; (4) there is no basis for rescission; and (5) Moore was not a party to the contract. Defendants claimed it was undisputed that Padilla signed the contract, she understood that as a cobuyer she was fully responsible for the payments due under the terms of the contract; Moore was employed by Metro; and the purpose of the credit application was to disclose Padilla's income to prospective lenders, not Padilla.

In opposition, Padilla disputed her understanding that signing the contract as a cobuyer made her fully responsible for the car payments. Padilla added that she was not given a copy of the contract and did not take delivery of the vehicle; she did not review the documents that she signed; her primary language is Spanish; defendants obtained her

3

signature on a loan application with blank income and mortgage information; and the information that was added to the loan application was false.[1]

After considering the evidence submitted by the parties, the trial court took the matter under submission and later ruled in favor of defendants.[2] Judgment was entered on September 18, 2013.

---

[1] Padilla's opposition stated that she had purchased three vehicles, one for herself and two for Stroud. Padilla explained that the vehicle purchases for Stroud were conducted in a short period of time because Stroud's boyfriend had "totaled" the first vehicle purchased for Stroud. The insurance check on the purchase of the first Stroud vehicle was sent to Padilla, who cashed it and gave the money to Stroud. The second Stroud vehicle, the subject of this action, was purchased shortly thereafter. Although Padilla had received the purchase documents for the vehicle she purchased for herself, she stated that she never received the purchase documents for the two vehicles purchased for Stroud.

[2] The court stated: "On the issue of whether Defendants misrepresented Plaintiff's status as a co-buyer, Defendants meet their prima facie burden on the motion, showing that damages cannot be established. Plaintiff's opposition does not raise a triable issue of material fact. On the issue of whether the Defendants willfully deceived the Plaintiff into signing a document as buyer instead of co-buyer, Defendants meet their prima facie burden on the motion. Plaintiff's opposition does not create a triable issue of material fact. [¶] The Court GRANTS Adjudication of the Plaintiff's cause of action for Fraudulent Concealment. Defendants show there was no legal duty to disclose to Plaintiff her mont[h]ly income as set forth on the credit application. Defendants show that the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's. Plaintiff's Opposition does not create a triable issue of fact. [¶] The Court grants Adjudication of the Plaintiff's cause of action for Declaratory Relief—Rescission. Defendants meet their prima facie burden on the motion, showing that damages cannot be established. Defendants show there was no legal duty to disclose to Plaintiff her monthly income as set forth on the credit application, and that Joseph Moore was not a party to the Contract. Plaintiff's Opposition does not create a triable issue of fact."

4

## II.  DISCUSSION

### A.  Standard of Review

Summary judgment properly is granted if the "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken" in support of and in opposition to the motion "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subds. (b)(1) & (c).)

"On review of a summary judgment in favor of the defendant, we review the record de novo to determine whether the defendant has conclusively negated a necessary element of the plaintiff's case or demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial.  [Citation.]"  (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673-674, disapproved on other grounds in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.)  "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fn. omitted.)

"A defendant moving for summary judgment must prove the action has no merit. He does this by showing one or more elements of plaintiff's cause of action cannot be established or that he has a complete defense to the cause of action.  At this point, plaintiff then bears the burden of showing a triable issue of material fact exists as to that cause of action or defense.  [Citations.]"  (*Towns v. Davidson* (2007) 147 Cal.App.4th 461, 466.)

## B. Fraud

A claim for fraud includes the element that the defendant misrepresented a material fact. (*Gil v. Bank of America, N.A.* (2006) 138 Cal.App.4th 1371, 1381.) Here, Padilla alleged that defendants misrepresented her status as a buyer or signer on the contract when she was supposed to be a cosigner. She further asserts defendants falsified her income on the financing application.

Regarding her status as a buyer or signer, defendants demonstrated the complete absence of any misrepresentation by introducing evidence that Padilla signed documents intending to be a cosigner and knowing that a cosigner is "fully responsible for the payments on the contract." The evidence reveals that Padilla is able to communicate on a daily basis speaking English with her friends and her attorney. It further shows that prior to the purchase of this vehicle, Padilla purchased another vehicle from defendants. However, she offers no evidence that the documents for such prior purchase were in Spanish, not English. Padilla's attempt to create a factual issue based on her understanding that she was not buying the vehicle by signing the contract fails when we consider that she admitted to her intent to be a cosigner and her understanding that a cosigner is "fully responsible for the payments on the contract."[3]

---

[3] One party to a contract may not be held liable for the other party's lack of understanding. The law in California is that a party, even an illiterate one, is presumed to have read a contract he or she signed. "Ordinarily, one who accepts or signs an instrument, which on its face is a contract, is deemed to consent to all its terms, and cannot escape liability on the ground that he or she has not read it. If the person cannot read, he or she should have it read or explained." (1 Witkin, Summary of Cal. Law (10th

*[footnote continued on next page]*

6

Regarding any misrepresentation of Padilla's income on the financing application, defendants showed there was no legal duty to disclose to Padilla her monthly income set forth in the credit application. The information contained in the application is for the lender's protection, not the borrower's. Padilla offered no evidence to create a material issue of fact.

In sum, Padilla failed to show any triable issue of material fact regarding any purported misrepresentation regarding the purchase of the vehicle.

### C. Declaratory Relief—Rescission

Because of defendants' fraudulent actions, Padilla seeks a declaration from the court that she was justified in her rescission of the contract.

Padilla contends that she is entitled to rescission because defendants violated Civil Code section 1632 by not providing all documents in Spanish where the contract or loan was negotiated in Spanish, and Civil Code sections § 2981 et seq. by not providing her with copies of the documents. This contention fails for three reasons. First, Padilla never pleaded such statutory violations and never raised allegations to that affect until briefing on appeal. In any summary judgment motion, the pleadings define the issues to be addressed. (*Addy v. Bliss & Glennon* (1996) 44 Cal.App.4th 205, 215.) An appellant cannot advance a theory on appeal she did not plead and did not raise in any form below.

---

*[footnote continued from previous page]*
ed. 2005) Contracts, § 118, p. 157; see also *Randas v. YMCA of Metropolitan Los Angeles* (1993) 17 Cal.App.4th 158, 163.)

Second, Civil Code section 1632 applies, by its terms, to businesses that actively conduct negotiations in Spanish. (Civ. Code, § 1632.) There is no evidence of negotiations in Spanish here. To the contrary, Padilla acknowledges there were no negotiations: defendants "merely showed up at [her] home and directed her to sign the documents." Therefore, Civil Code section 1632 is inapplicable.

And finally, Padilla has waived her contention by not presenting any substantive legal argument supported by citations to the record and legal authorities. "'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852, fn. omitted.) Here, Padilla has offered no analysis of how the application of the statutes to this case creates a material issue of fact. The mere assertion alone is not enough.

We conclude Padilla failed to show the existence of any material fact which would defeat summary judgment on her claim declaratory relief-rescission.

## III.  DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                        HOLLENHORST

                                                 J.

We concur:


RAMIREZ

                P.J.

MILLER

                J.